GEORGE OMAR KOURY, ESQ.
Nevada Bar No. 15426
**PARADISE LAW LLC**
11 Paradise Valley Court
Henderson, Nevada 89052
(702) 727-3747 (office)
(702) 727-3744 (facsimile)
george@paradiselaw.com

JOANNA M. MYERS, ESQ.
Nevada Bar No. 12048
**HOLLEY DRIGGS LTD.**
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
(702) 791-0308 (office)
(702) 791-1912 (facsimile)
jmyers@nevadafirm.com

*Attorneys for The Boring Company, LLC (Plaintiff)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| The Boring Company, LLC, a Nevada limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>TBC - The Boring Company, a Delaware Corporation,<br><br>        Defendant. | CASE NO: _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**JURY DEMAND** |

COMES NOW, the Plaintiff, THE BORING COMPANY, LLC (hereinafter referred to as ("Plaintiff"), by and through counsel, George Omar Koury, Esq., of Paradise Law LLC and Joanna M. Myers, of Holley Driggs Ltd., and for its claims for relief against the Defendant, TBC - THE BORING COMPANY (hereinafter referred to as "Defendant"), based upon knowledge, information, and reasonable belief derived therefrom, allege, complain, and state as follows:

/ / /

/ / /

/ / /

- 1 -

## INTRODUCTION

1. This trademark infringement action arises from the knowing, intentional, and unlawful conduct by Defendant in the selection and use of Plaintiff's proprietary marks THE BORING COMPANY and TBC THE BORING COMPANY (collectively, "the Marks") by Defendant.

2. Defendant adopted, used, and continues to use trademarks that are identical to and/or confusingly similar to the Plaintiff's Marks, namely, THE BORING COMPANY and TBC THE BORING COMPANY (collectively, the "Infringing Marks") and are using the Infringing Marks in connection with Defendant's drilling and tunnel construction services—the precise services offered by Plaintiff—despite being well-aware of Plaintiff's ownership in and to the Marks with the intent to create a false association and/or affiliation with Plaintiff, and to trade off the substantial goodwill and reputation of Plaintiff's established, well-known Marks.

3. Defendant's intentional and unlawful conduct has infringed on Plaintiff's intellectual property rights and has caused <u>actual</u> consumer confusion. As a direct and proximate result of Defendant's actions, Plaintiff has suffered monetary damages and irreparable injury to its business, reputation, and goodwill.

4. Plaintiff seeks a judgment enjoining Defendant's use of the Infringing Marks, for an award of damages, fees, and costs, including reasonable attorneys' fees, resulting from Defendant's unlawful conduct and for such other relief as the Court may deem just and proper.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this trademark infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), involving violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims arise out of the same operative facts as the federal claims.

7. This Court has personal jurisdiction over Defendant because it either resides, maintains its principal place of business, and/or does business in this district and jurisdiction. Personal jurisdiction is also proper over Defendant because Defendant sells and/or offers for sale goods and

services under the Infringing Marks, and otherwise conducts business in this district, and has engaged in tortious conduct resulting in injury to Plaintiff, including in this district.

8. Venue is proper in the unofficial Southern Division of this judicidial district under 28 U.S.C. § 1391(b)-(c) because, among other reasons, Defendant either resides, maintains its principal place of business, and/or transacts business within this district and offers for sale in this district goods and services in a manner that infringes upon the Plaintiff's trademark rights. In addition, Plaintiff has suffered harm in this district, and a substantial part of the events or omissions giving rise to this action and the claims asserted herein occurred in this judicial district.

## PARTIES

9. Plaintiff is a Nevada limited liability company having an address at 11200 Playa Bonita Ave, Las Vegas, Nevada 89138.

10. Defendant is a Delaware corporation having an address at 12200 Crenshaw Blvd, Hawthorne, California 90250.

## FACTS COMMON TO ALL CLAIMS

## PLAINTIFF'S TRADEMARKS

11. Plaintiff was founded in 2006 and provides horizontal directional drilling services, trenching, hydro excavation, asphalt and concrete coring, among other related services.

12. Plaintiff has 20 years experience in horizontal drilling, trenching and hydro excavation techniques, and 27 years in the cable business throughout Las Vegas and surrounding areas.

13. Plaintiff has become the leading horizontal directional drilling company in Nevada and has developed a reputation as a trusted and reliable company.

14. For over 15 years, Plaintiff has been the exclusive user of the Marks in the state of Nevada.

15. Plaintiff has used the Marks in interstate commerce since at least as early as 2008.

16. As a result of Plaintiff's exclusive and widespread use, Plaintiff's Marks have become widley recognized and garnered tremendous goodwill with the public and consumers in Nevada and throughout the United States.

/ / /

17. Plaintiff's rights in the Marks are supported by its ownership of two Nevada state service mark registrations for the THE BORING COMPANY (NV Registration Nos. E0165882019-7 and E0165862019-5).

18. Plaintiff also owns the domain name <theboringcompany.com>, which it registered on May 21, 2012. Plaintiff's domain name resolves to Plaintiff's website at www.theboringcompany.com, which prominently displays the Mark in connection with Plaintiff's offering of its services.

19. In connection with its services offered under the Mark, Plaintiff adopted a distinctive stylized logo (shown below):



20. Plaintiff has used its distinctive logo in interstate commerce in connection with its services since at least as early as 2011.

21. Plaintiff has spent, and continues to invest, a substantial amount of time, resources, and money in protecting, advertising, and promoting its unique company name and logo.

**THE DEFENDANT'S INFRINGING ACTIONS**

22. Defendant is an infrastructure and tunnel construction services company that drills underground tunnels for the purpose of facilitating intra-city transit systems.

23. Plaintiff is informed and believes, and thereupon alleges, that Defendant was founded in December, 2016—over a decade after Plaintiff's rights in the Marks arose.

24. In or about May 2017, Plaintiff was contacted by counsel for Defendant regarding an image of Defendant's equipment that had been posted by a third-party to Plaintiffs' Facebook web page. The images were removed, and at that time, Plaintiff was informed and believed that Defendant's activities were very limited in scope, namely, to a test tunnel drilled in Los Angeles, California. Plaintiff is informed and believes, and thereupon alleges, that the test project was completed in 2018.

25. It is indisputable that Defendant had <u>actual</u> knowledge of Plaintiff's ownership of trademark rights and prior use of the Marks by at least as early as May 2017. Moreover, Defendant had constructive knowledge of Plaintiff's rights in the Marks based on Plaintiff's registration of the

Marks with the Nevada Secretary of State.

26. Despite having <u>actual</u> knowledge of Plaintiff's rights in the Marks, in or about 2019, Defendant began publicly stating it intended to propose drilling a monorail tunnel underneath Las Vegas for the Convention Center, with potential for future expansion to the Strip, Allegiant Stadium, and to McCarran International Airport.

27. Upon hearing the reports Defendant intended to expand its commercial activities, Plaintiff, through counsel, immediately contacted Defendant informing it that Defendant's use of the Plaintiff's Marks would infringe on Plaintiff's Marks and was likely to cause confusion with the public and cause consumers to mistakenly believe there is an association between Plaintiff and Defendant, which there is not. The parties entered into settlement negotiations, which were ongoing throughout 2019 and continued into 2020, but no agreement was ultimately achieved.

28. Despite having <u>actual</u> knowledge of Plaintiff's trademark rights in the Marks, Defendant continued to use the Infringing Marks and has grossly expanded its business activities under the Infringing Marks.

29. In May 2019, Defendant was awarded a contract for drilling a tunnel with the Las Vegas Convention and Visitors Authority Board of Directors, which garnered significant media attention to Defendant's business activities it was conducting under the Infringing Marks. Defendant was also recently awarded an expanded contract for further drilling.

30. As a result of significant media attention, which prominently features the Infringing Marks, Plaintiff has received, and continues to receive, a multitude of communications from Plaintiff's clients and business associates who mistakenly believe the news features Plaintiff's business activities.

31. The <u>actual</u> confusion caused by Defendant's use of the Infringing Marks has affected Plaintiff's company Facebook page, online presence, and has resulted in a barrage of phone calls from people looking for the Defendant's company, which has in turn cost the Plaintiff countless hours of lost revenue.

32. Moreover, Plaintiff has been subject to a significant reputational harm caused by Defendant's use of the Infringing Marks. Plaintiff has received numerous invoices, past due statements, collection notices, and notices of intent to file liens in an amount exceeding $100,000.00—

none of which belong to Plaintiff but have mistakenly been sent to and/or named Plaintiff instead of Defendant.

33. Despite having <u>actual</u> knowledge of Plaintiff's trademark rights, Defendant also filed four intent-to-use trademark applications with the United States Patent and Trademark Office for the Infringing Marks, which are identical and/or confusingly similar to Plaintiff's Marks, and for identical and/or highly related services to those offered by the Plaintiff under its Marks, including:

- THE BORING COMPANY (Stylized) (Ser. No. 88027106) in Class 42 for "Research, development, and design services in the field of high speed transportation of passengers and goods; Testing for new product development of high speed transportation systems of others to assure the viability of system designs; Product quality testing of high speed transportation systems of others to assure the viability of system designs; Consulting and advisory services in the field of transportation technology";
- THE BORING COMPANY (Stylized) (Ser. No. 88027098) in Class 39 for "Transportation services, namely, high-speed transportation of passengers and goods via autonomous skates; providing information about high speed transportation of passengers and goods via autonomous skates; Transportation services, namely, providing a private transit-way for others";
- THE BORING COMPANY (Ser. No. 87542474) in Class 42 for "Research, development and design services in the field of high speed transportation of passengers and goods in tubes; Testing for new product development of high speed transportation systems of others to assure the viability of system designs; Product quality testing of high speed transportation systems of others to assure the viability of system designs; Consulting and advisory services in the field of transportation technology"; and
- THE BORING COMPANY (Ser. No. 87514563) in Class 39 for "Transportation services, namely, providing a private transit-way for others; transportation services, namely, providing private underground tunnels for vehicle travel".

(collectively, the "Infringing Applications").

34. The Infringing Applications have received Notices of Allowance, but Defendant has not yet filed its Statements of Use and no registrations have issued.

35. Defendant's infringing use of the Plaintiff's Marks and the pending Infringing Applications has, and continues to, infringe upon and damage Plaintiff's trademark rights.

36. Defendant's infringing use of the Plaintiff's Marks has caused <u>actual</u> confusion among the public and consumers, and will continue to cause confusion until Defendant permanently ceases its infringing use of the Marks.

/ / /

37. Defendant does not have the consent or authorization of Plaintiff to use the Plaintiff's Marks.

38. As the senior user, Plaintiff is entitled to enforce its established trademark rights before this Court and enjoin Defendant's use and seek all appropriate damages and other relief.

39. Defendant is liable for its unlawful conduct because it adopted and is using the Infringing Marks with <u>actual</u> knowledge of Plaintiff's trademark rights and the damage Plaintiff would suffer by such infringing use.

40. Plaintiff has been damaged by Defendant's use of the Infringing Marks and will continue to be damaged until such time as Defendant's use of the Infringing Marks permanently ceases.

## **FIRST CLAIM FOR RELIEF**

**(Trademark Infringement Pursuant to 15 U.S.C. § 1125)**

41. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

42. Defendant is using marks that are identical and/or confusingly similar to Plaintiff's Marks.

43. Defendant is using marks that are identical and/or confusingly similar to Plaintiff's Marks in connection with the sale, or advertising of goods and services in a manner that is likely to cause confusion or mistake, or to deceive customers as to an affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activity by Plaintiff.

44. Defendant's use of marks that are identical and/or confusingly similar to Plaintiff's Marks has created a likelihood of confusion, and has caused actual confusion, among consumers and the public who may falsely believe that Defendant's services are associated with Plaintiff or that Plaintiff sponsors or approves of Defendant's goods, services, or commercial activities.

45. Plaintiff is informed and believes, and thereupon alleges, that Defendant's use of the Plaintiff's Marks and/or marks confusingly similar to the Plaintiff's Marks, was intentionally and willfully done with the knowledge that Plaintiff owns and has used, and continues to use, its Marks.

46. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

47. As a result of Defendant's intentional and unauthorized use of the Mark, Plaintiff is entitled to injunctive relief.

48. As a direct and proximate result of Defendant's intentional and unauthorized use of the Mark, Plaintiff has been compelled to retain counsel to enforce its trademark rights and prosecute this action, for which Plaintiff should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition, False Designation of Origin, and False Advertising Pursuant to 15 U.S.C. § 1125)**

49. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

50. Defendant's use of marks that are the same and/or confusingly similar to the Plaintiff's Marks for identical and/or highly related to the services offered by Plaintiff under its Marks, constitutes a false designation of origin and/or false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to the affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

51. Defendant's use in commerce of the Infringing Marks, and/or marks confusingly similar to the Plaintiff's Marks, with knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's goods, services, and commercial activities.

52. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

53. As a result of Defendant's intentional and unauthorized use of the Mark, Plaintiff is entitled to injunctive relief.

- 8 -

54. As a direct and proximate result of Defendant's intentional and unauthorized use of the Mark, Plaintiff has been compelled to retain counsel to enforce its trademark rights and prosecute this action, for which Plaintiff should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

**(State Trademark Infringement Pursuant to NRS § 600.420)**

55. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

56. Plaintiff owns Nevada state trademark registrations for the Marks, which Plaintiff has used in commerce since at least as early as 2006.

57. Defendant has used, and continues to use, the Infringing Marks, which are identical and/or confusingly similar to the Plaintiff's Marks without Plaintiff's consent.

58. Defendant's use in commerce of the Infringing Marks constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademark in a manner that is likely to cause confusion, mistake, or is likely to deceive consumers.

59. Defendant is using the Infringing Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers and suppliers as to an affiliation, connection, or association with the Plaintiff or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

60. As a result of Defendant's infringement, Plaintiff has been damaged and is entitled to damages in an amount to be proven at trial.

61. As a result of Defendant's intentional and unauthorized ongoing infringement, Plaintiff is entitled to injunctive relief.

62. As a direct and proximate result of Defendant's intentional and unauthorized infringement, Plaintiff has been compelled to retain counsel to enforce its trademark rights and prosecute this action, for which Plaintiff should recover attorneys' fees and costs pursuant to NRS § 600.430.

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

63. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

64. By virtue of having used and continuing to use the Marks, Plaintiff has acquired common law trademark rights in the Marks.

65. Defendant's use of marks that are identical and/or confusingly similar to the Plaintiff's Mark, infringes upon Plaintiff's common law rights in the Marks, and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services originate from, are affiliated with, or are endorsed by Plaintiff, when in fact, they are not.

66. As a direct and proximate result of Defendant's intentional and unauthorized infringement of Plaintiff's common law trademark rights under Nevada and other common law, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

67. As a result of Defendant's intentional and unauthorized infringement, Plainitff has been damaged and is entitled to damages in an amount to be proven at trial.

68. As a result of Defendant's intentional and unauthorized ongoing infringement, Plaintiff is entitled to injunctive relief.

69. As a direct and proximate result of Defendant's intentional and unauthorized infringement, Plaintiff has been compelled to retain counsel to enforce its trademark rights and prosecute this action, for which Plaintiff should recover attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Deceptive Trade Practices Pursuant to § NRS 598.0915)

70. Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

71. Plaintiff is informed and believes, and thereupon alleges, that in the course of conducting Defendant's business, Defendant knowingly made false representations as to an affiliation, connection and/or associate with Plaintiff by using a mark identical, or confusingly similar to the

Plaintiff's Mark and otherwise engaged in deceptive trade practices.

72. As the direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

73. As a direct and proximate result of Defedant's infringement, Plaintiff has been compelled to retain counsel to enforce its trademark rights and prosecute this action.

## **PRAYER FOR RELIEF**

WHEREFORE, The Boring Company LLC, prays for entry of a judgement ordering and declaring:

A. That preliminarily and pending trial of this action and permanently thereafter, Defendant and its respective officers, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons and/or entities acting in concert with any of them, from:

    a. Directly or indirectly infringing, using, or displaying Plaintiff's Marks or any mark confusingly similar thereto, in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away and services or products which infringe, use, or display Plaintiff's Marks, or any marks confusingly similar thereto;

    b. Using any term that is likely to be confused with the Plaintiff's Marks;

    c. Falsely representing, misleading, or deceiving the public or consumers into believing that the services or products advertised, promoted, produced, distributed, sold, or offered for sale by Defendant originate from Plaintiff, or are sponsored, approved, licensed by, or associated with Plaintiff, or that Defendant or their services or products are in some way associated or affiliated with Plaintiff;

    d. Committing any other acts calculated to or that do unfairly compete with Plaintiff in any manner;

    e. Filing or maintaining any business license, d/b/a, or similar document using the Plaintiff's Marks or any mark confusingly similar thereto; and

/ / /

      f.      Registering, using, or trafficking in any trade name or domain name containing or consisting of the Plaintiff's Marks or any mark confusingly similar thereto.

    B.    That the Infringing Applications pending before the United States Patent and Trademark Office be abandoned;

    C.    That Defendant be required to account for all profits derived by Defendant from its trade, infringing conduct, unfair practices and competition, and for an award to Plaintiff of the amount of those profits, in amounts to be proven at trial, to Plaintiff;

    D.    That Defendant be ordered to pay for corrective advertising in an amount to be ascertained at trial;

    E.    That, in addition to being ordered to pay the lost profits attributable to the infringing conduct complained of herein to Plaintiff, Defendant also be ordered to pay its infringing profits as monetary damages and reasonably royalties, to be increased by the court by an amount as the Court deems to be just, together with Plaintiff's damages, all of which, according to the circumstances of this case, should be increased and trebled as provided by law, including 15 U.S.C. § 1117 of the Lanham Act, and paid to Plaintiff;

    F.    That Defendant be ordered to pay exemplary or punitive damages to the extent available under, and according to law;

    G.    That Defendant be ordered to pay all of Plaintiff's attorneys' fees, costs, and disbursements incurred in this suit, in bringing this action for the legal enforcement of its trademarks rights and in connection with all efforts to stop Defendant's trademark infringement, counterfeiting, and unfair competition;

    H.    That Defendant has willfully and deliberately committed acts of trademark infringement and unfair competition against Plaintiff;

    I.    That Defendant be ordered to pay interest according to law;

    J.    That Defendant be ordered to pay the costs of corrective advertising; and

/ / /

/ / /

/ / /

K.  For all such other, further, and different relief that this Court deems just and proper.

DATED this 19th day of January 2021.

**HOLLEY DRIGGS LTD.**

*/s/ Joanna M. Myers*
Joanna M. Myers, Esq.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Nevada Bar No. 12048

**PARADISE LAW LLC**

George Omar Koury, Esq.
Nevada Bar No. 15426
11 Paradise Valley Court
Henderson, Nevada 89052

*Attorneys for The Boring Company, LLC (Plaintiff)*